No. 25-40017


IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JESUS GUTIERREZ,
Defendant-Appellant.


Appeal from the United States District Court
for the Southern District of Texas

_____

BRIEF FOR APPELLANT

_____


PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF INTERESTED PERSONS

United States v. Jesus Gutierrez,
No. 25-40017

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

1.    The Honorable Drew B. Tipton, United States District Judge.

2.    The Honorable Nadia S. Medrano, United States Magistrate Judge.

3.    Jesus Gutierrez, Defendant-Appellant.

4.    United States of America, Plaintiff-Appellee.

5.    Counsel for Plaintiff-Appellee: United States Attorney Nicholas J. Ganjei; former United States Attorney Alamdar S. Hamdani; and Assistant United States Attorneys Alexa D. Parcell, Tyler Foster, and Carmen Castillo Mitchell

6.    Counsel for Defendant-Appellant: Federal Public Defender Philip G. Gallagher; and Assistant Federal Public Defenders Amanda Diane Austin and Kathryn Shephard.

These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

s/ Kathryn Shephard
KATHRYN SHEPHARD

i

## REQUEST FOR ORAL ARGUMENT

The defendant-appellant, Jesus Gutierrez, requests oral argument on the issue of whether the Court should vacate the district court's judgment setting a payment schedule, which appeared for the first time in the written judgment and was imposed outside Mr. Gutierrez's presence and without notice and an opportunity to be heard. Mr. Gutierrez also requests oral argument on the issue of whether the mandatory minimum restitution awards of $3,000 for "Taylor" and "Eliza" should be vacated in light of *Alleyne v. United States*, 570 U.S. 99 (2013). This Court has not yet had the occasion to address whether *Alleyne* applies when, as here, the statute has a prescribed minimum for restitution, *see* 18 U.S.C. § 2259(b)(2)(B), and the district court awards restitution in that amount. Counsel believes that oral discussion of the facts and applicable law would aid the Court in deciding that issue.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

REQUEST FOR ORAL ARGUMENT ................................................. ii

TABLE OF CONTENTS................................................................ iii

TABLE OF CITATIONS ................................................................v

STATEMENT OF JURISDICTION...............................................1

STATEMENT OF THE ISSUES.................................................2

STATEMENT OF THE CASE .................................................3

    A.    The indictment and guilty plea...........................................3

    B.    The presentence report. ....................................................4

    C.    Sentencing. ...................................................................9

SUMMARY OF THE ARGUMENT ....................................................11

ARGUMENT ........................................................................13

**ISSUE ONE RESTATED**: The Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings. ...........................................................13

    A.    Standard of review. ...........................................................13

    B.    The district court's order setting a payment schedule that appeared for the first time in its written judgment does not comport with 18 U.S.C. § 3664(f)(2) and violates due process, including Mr. Gutierrez's right to be present at sentencing. .............13

# TABLE OF CONTENTS – (cont'd)

**Page**

**ISSUE TWO RESTATED**:  In this case involving the receipt of child pornography, all six of the restitution awards entered by the district court under 18 U.S.C. § 2259 should be vacated because those awards were all greater than zero but were based solely on judge-found facts not admitted by Mr. Gutierrez, in violation of his Sixth Amendment right to a jury trial; or, alternatively, the mandatory minimum awards of $3,000 for "Taylor" and "Eliza" should be vacated, in light of *Alleyne v. United States*, 570 U.S. 99 (2013). ...............................................19

A.    Standard of review...............................................................................19

B.    All six restitution awards should be vacated because they were all greater than zero but were based solely on judge-found facts that Mr. Gutierrez did not admit, in violation of his Sixth Amendment right to a jury trial. (Foreclosed issue). .........................20

C.    Alternatively, the mandatory minimum awards of $3,000 for "Taylor" and "Eliza" should be vacated, in light of *Alleyne*. .............26

CONCLUSION .....................................................................................................29

CERTIFICATE OF SERVICE .............................................................................30

CERTIFICATE OF COMPLIANCE ....................................................................31

# TABLE OF CITATIONS

**Page**

## CASES

*Alleyne v. United States*, 570 U.S. 99 (2013) ................................................ *passim*

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) ............................... 20, 23-25, 27-28

*Blakely v. Washington*, 542 U.S. 296 (2004) .................................................... 24-25

*Commonwealth v. Smith*, 1 Mass. 245 (Mass. 1804) ............................................ 23

*Hester v. United States*, 586 U.S. 1104 (2019) ............................................... 22, 25

*Huntzinger v. Commonwealth*, 97 Pa. 336 (Pa. 1881) ......................................... 23

*Jones v. State*, 13 Ala. 153 (Ala. 1848) ................................................................ 23

*Mathews v. Eldridge*, 424 U.S. 319 (1976) .......................................................... 17

*Schoonover v. State*, 17 Ohio St. 294 (Ohio 1867) ............................................... 23

*Southern Union Co. v. United States*, 567 U.S. 343 (2012) ...................... 20-22, 25

*State v. Somerville*, 21 Me. 14 (Me. 1842) ........................................................... 23

*United States v. Adams*, 363 F.3d 363
  (5th Cir. 2004) ...................................................................................................... 23

*United States v. Aguirre-Rivera*, 8 F.4th 405
  (5th Cir. 2021) ...................................................................................................... 27

*United States v. Baez-Adriano*, 74 F.4th 292
  (5th Cir. 2023) ...................................................................................................... 13

*United States v. Barnett*, No. 23-20174, 2024 WL 3548461
  (5th Cir. July 26, 2024) (unpublished), *cert. denied*,
  145 S. Ct. 603 (2024) ........................................................................................... 19

# TABLE OF CITATIONS – (cont'd)

Page

## CASES – (cont'd)

*United States v. Blocker*, 104 F.3d 720
    (5th Cir. 1997) ......................................................................... 15

*United States v. Calbat*, 266 F.3d 358
    (5th Cir. 2001) ......................................................................... 16

*United States v. Caudillo*, 110 F.4th 808
    (5th Cir. 2024) ...................................................................... 8, 27

*United States v. Diggles*, 957 F.3d 551
    (5th Cir. 2020) (en banc) ........................................................ 17

*United States v. Elliot*, 600 Fed. Appx. 225
    (5th Cir. 2015) (unpublished) ............................................. 24, 26

*United States v. Leahy*, 438 F.3d 328
    (3d Cir. 2006) (en banc) .......................................................... 25

*United States v. Neal*, 578 F.3d 270
    (5th Cir. 2009) ......................................................................... 19

*United States v. Paroline*, 134 S. Ct. 1710 (2014) ............................................. 5, 8

*United States v. Paz*, 265 Fed. Appx. 333
    (5th Cir. 2008) (unpublished) ................................................. 17

*United States v. Pleitez*, 876 F.3d 150
    (5th Cir. 2017) ................................................................... 13, 17

*United States v. Read*, 710 F.3d 219
    (5th Cir. 2012) ........................................................... 11, 23-25, 28

*United States v. Reese*, 998 F.2d 1275
    (5th Cir. 1993) ......................................................................... 13

**TABLE OF CITATIONS** – (cont'd)

**CASES** – (cont'd)

*United States v. Reyes-Rodriguez*, 546 Fed. Appx. 396
(5th Cir. 2013) (unpublished) ................................................. 16

*United States v. Rosa*, No. 23-10328, 2024 WL 1597754
(5th Cir. Apr. 12, 2024) (unpublished) ................................ 17

*United States v. Rosbottom*, 763 F.3d 408
(5th Cir. 2014) ............................................... 11, 23-26, 28

*United States v. Schinnell*, 80 F.3d 1064
(5th Cir. 1996) ................................................................. 13

*United States v. Sepulveda*, 64 F.4th 700
(5th Cir. 2023) ................................................................. 19

*United States v. Tarnawa*, 26 F.4th 720
(5th Cir. 2022) ................................................................. 15

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. V ......................................................... 17

U.S. Const. amend. VI .................................................. *passim*

**STATUTES AND RULES**

18 U.S.C. § 2252A(a)(2)(A) ........................................... 3, 22

18 U.S.C. § 2252A(b)(1) ................................................... 3

18 U.S.C. § 2256 ............................................................. 3

18 U.S.C. § 2259 ....................................................... *passim*

# TABLE OF CITATIONS – (cont'd)

Page

## STATUTES AND RULES – (cont'd)

18 U.S.C. § 2259(b)(2) ........................................... 21

18 U.S.C. § 2259(b)(2)(A) ....................................... 26

18 U.S.C. § 2259(b)(2)(B) ..................................... ii, 27

18 U.S.C. § 2259(b)(3) ........................................... 14

18 U.S.C. § 2259(c)(2) ......................................... 22, 26

18 U.S.C. § 2259(c)(3) ........................................... 22

18 U.S.C. § 2259(c)(4) ......................................... 22, 26

18 U.S.C. § 3572 ................................................. 14

18 U.S.C. § 3663A ............................................. 14, 28

18 U.S.C. § 3664 .............................................. 14-15

18 U.S.C. § 3664(e) .............................................. 5

18 U.S.C. § 3664(f)(2) ........................... ii, 11, 13-14, 16-17

18 U.S.C. § 3664(f)(3) ........................................... 14

18 U.S.C. § 3664(f)(3)(B) ........................................ 15

18 U.S.C. § 3742(a)(1) ........................................... 1

28 U.S.C. § 1291 ................................................. 1

Fed. R. App. P. 4(b)(1)(A)(i) .................................... 1

Fed. R. App. P. 4(b)(2) .......................................... 1

**TABLE OF CITATIONS** – (cont'd)

**Page**

**STATUTES AND RULES** – (cont'd)

Rule 28.2.1 ............................................................................................. i

## SENTENCING GUIDELINES

USSG § 5B1.3(a)(6) ............................................................................... 7

USSG § 5D1.3(a)(6) ............................................................................... 7

USSG § 5E1.1 ........................................................................................ 7

## MISCELLANEOUS

James Barta, *Guarding the Rights of the Accused and Accuser:*
  *The Jury's Role in Awarding Criminal Restitution Under the*
  *Sixth Amendment*, 51 Am. Crim. L. Rev. 463 (2014) ......................... 23

## STATEMENT OF JURISDICTION

Jurisdiction of this Court is invoked under 28 U.S.C. § 1291, as an appeal from a final judgment of conviction and sentence entered by the United States District Court for the Southern District of Texas. Jurisdiction over this appeal also lies under 18 U.S.C. § 3742(a)(1).

The judgment appealed from was entered on the docket on January 24, 2025. Mr. Gutierrez timely filed his notice of appeal on January 9, 2025, after announcement of judgment and sentence on January 8, 2025. *See* Fed. R. App. P. 4(b)(1)(A)(i), (b)(2).

## STATEMENT OF THE ISSUES

**ISSUE ONE**: Whether the Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings.

**ISSUE TWO**: Whether, in this case involving the receipt of child pornography, all six of the restitution awards entered by the district court under 18 U.S.C. § 2259 should be vacated because those awards were all greater than zero but were based solely on judge-found facts not admitted by Mr. Gutierrez, in violation of his Sixth Amendment right to a jury trial; or, alternatively, the mandatory minimum awards of $3,000 for "Taylor" and "Eliza" should be vacated in light of *Alleyne v. United States*, 570 U.S. 99 (2013).

# STATEMENT OF THE CASE

**A.      The indictment and guilty plea.**

On March 19, 2024, a grand jury in the McAllen Division of the United States District Court for the Southern District of Texas returned a single-count indictment charging Mr. Gutierrez with receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2256. ROA.11-12.

On August 16, 2024, Mr. Gutierrez pleaded guilty to the indictment. ROA.101. There was no plea agreement. ROA.111-112. The government proffered the following facts in support of the guilty plea:

> On or about March 1st, 2023, federal agents received an investigative referral regarding a subject uploading or sharing files of child pornography material through Ki[k], Discord, and Instagram. Agents reviewed these files and determined that the videos depicted pre-pubescent children engaging in sexually explicit conduct. That [*sic*] the videos were child pornography.

> Agents determined the IP Address was returned to the Museum of South Texas History, Edinburg, Texas and [a] residence in Edinburg, Texas. That IP address is in the [*sic*] listed subscriber to the account was identified as the Defendant, Jesus Gutierrez, who resided at the address in Edinburg, Texas and worked at the museum. [On] October 10th, 2023, agents conducted a consensual interview of the Defendant. The Defendant admitted that he was having [*sic*] porn, being child pornography. He further admitted to download[ing] and viewing child pornography.

> Defendant consented to a search of his mobile device, the LG Arista 5, and his home computer, the Dell Inspiron 5680, which revealed downloaded videos and images depicting pre-pubescent

children engaged in sexually explicit conduct that constitute child pornography.

The Defendant admitted to using his computer to download and receive material that contained child pornography, and the use of a computer that was not manufactured in the state of Texas, and use of the internet to effect interstate and foreign commerce.

ROA.112-113. The court confirmed that Mr. Gutierrez agreed that those facts were

true. ROA.114.

## B.     The presentence report.

The Probation Office prepared a presentence report ("PSR") to assist the

district court at sentencing.[1] The PSR determined that the advisory Guidelines

imprisonment range was 121 to 151 months (based on a total offense level of 32, if

the government moved for the third-point reduction for acceptance of responsibility,

and a criminal history category of I), and that the Guidelines range for a term of

supervised release was fives year to life. ROA.487-491 (PSR ¶¶ 37-51, 65, 68). In a

section entitled "Victim Impact," the PSR stated:

24. The U.S. Attorney's Office provided a restitution claim for the following:

25. A victim, Vicky Series (Lily pseudonym), provided a list of expenses and financial loss for a total claim of $10,000.

26. A victim, Sweet White Sugar (Pia pseudonym) from the Sweet White Sugar series provided a list of expenses and financial loss for a total claim of $7,500.

---

[1] All citations to the PSR are to the revised version filed on December 20, 2024.

27. A victim, Lighthouse1 (Maureen pseudonym) provided a list of expenses and financial loss for a total claim of $10,000.

28. A victim, Red Glasses Cry Series (Taylor pseudonym) provided a list of expenses and financial loss for a total claim of $3,000.

29. A victim, HG1 Series (Eliza pseudonym) provided a list of expenses and financial loss for a total claim of $3,000.

30. In accordance with *U.S[.] v. Paroline*, 134 S. Ct. 1710, 1727 (2014), in applying § 2259, should restitution be requested, the Court shall order restitution "in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." A victim's "general losses" include the costs of psychiatric treatment and lost income that stem from the ongoing traffic in the victim's images as a whole. *Id.* at 1722. The Government has the burden of demonstrating the victim's loss, pursuant to 18 U.S.C § 3664(e), *Id.* at 1719.

31. In determining the proper amount of restitution, the Supreme Court, in *Paroline*, 134 S. Ct., at 1728, identified a variety of factors to serve a[s] "rough guideposts" for Courts to consider with the suggested starting point as the amount of the victim's losses caused by the continuing traffic in the victim's images. Factors that would bear on the relative causal significance of the defendant's conduct in promoting the losses could include: (1) the number of past criminal defendants found to have contributed to the victim's general losses; (2) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; (3) a reasonably reliable estimate of the broader number of offenders involved; (4) whether the defendant reproduced or distributed images of the victim; (5) whether the defendant had any connection to the initial production of the images; (6) how many images of the victim the defendant possessed; and (7) other facts relevant to the defendant's causal role.

ROA.485-486 (PSR ¶¶ 24-31) (italics added).

In a section entitled "Restitution," the PSR stated:

79. **Statutory Provisions**: Pursuant to 18 U.S.C. § 2259, the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to the victim of the offense. Specifically, 18 U.S.C. § 2259 states the Court shall order restitution for any offense under Chapter 110 of Title 18 of the Federal Criminal Code.

80. Pursuant to 18 U.S.C. § 2259, this is a child pornography offense and restitution is mandatory without regard to the economic circumstances of the defendant; or the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.

81. The Court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the offense, including any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, including medical services relating to physical, psychiatric, or psychological care; physical and occupational therapy or rehabilitation; necessary transportation, temporary housing, and child care expenses; lost income; reasonable attorneys' fees, as well as other costs incurred; and any other relevant losses incurred by the victim.

82. After determining the full amount of the victim's losses, the Court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

83. The below-referenced victim information, which includes trustee information, is being provided to the Honorable Court and the parties for the purposes of imposing restitution at the time of sentencing. The following six (6) victims have requested restitution in this case:[2]

| SERIES | VICTIM | RESTITUTION REQUESTED | VICTIM IMPACT STATEMENT (VIS) |
|---|---|---|---|
| Vicky Series | "Lily" | $10,000 | Yes |

---

[2] This chart omits the column in the PSR for "Attorney/Designee."

| Sweet White Sugar | "Pia" | $7,500 | Yes |
|---|---|---|---|
| Lighthouse1 | "Maureen" | $10,000 | Yes |
| Red Glasses Cry Series | "Taylor" | $3,000 | Yes |
| Tara Series | "Sloane" | $10,000 | Yes |
| HG1 Series | "Eliza" | $3,000 | Yes |

84. In the instant offense, the children visually depicted in the pornographic images possessed by the defendant are deemed as victims.

85. **Guideline Provisions**: In accordance with the provisions of U.S.S.G. § 5E1.1, restitution shall be ordered. A restitution order may direct the defendant to make a single, lump sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

86. The Court may direct the defendant to make nominal periodic payments if the Court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amounts of [a] restitution order and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

87. Pursuant to U.S.S.G. § 5B1.3(a)(6) (Mandatory Conditions of Probation) and § 5D1.3(a)(6) (Mandatory Conditions of Supervised Release), payment of restitution shall be a condition of supervision.

ROA.492-494 (PSR ¶¶ 79-87). Attached to the PSR were the victim impact statements and corresponding requests for restitution. ROA.216-479, 500-529. The PSR did not recommend a particular payment schedule.

Mr. Gutierrez filed written objections to the PSR's Guidelines calculations and any restitution order. ROA.174-183.[3] Regarding restitution, Mr. Gutierrez argued that "the government has not established a causal link between his conduct and specific losses incurred by the victims"; that "Mr. Gutierrez, being indigent, received free material without contributing financially to its production or distribution, thus lacking direct financial impact"; and that, "[g]iven his minimal role, any restitution imposed should be nominal and proportional to his limited involvement, aligning with the principles outlined in *Paroline*." ROA.175-176 (italics added). He also objected to the mandatory minimum restitution under 18 U.S.C. § 2259 as unconstitutional, arguing that "requiring a mandatory minimum violates due process and exceeds the appropriate scope of restitution under *Alleyne v. United States*, 570 U.S. 99 (2013)." ROA.181-182 & n.18 (citing *United States v. Caudillo*, 110 F.4th 808, 812 (5th Cir. 2024)).

The government filed a response, explaining that it was "pending a return of restitution requests" and requesting a hearing "to determine the appropriate amount of restitution to any identified victims seeking such." ROA.186-187. The

---

[3] These objections were in response to the initial PSR filed on September 27, 2024, which did not include the victim impact statements and restitution requests.

government did not respond to Mr. Gutierrez's argument about the mandatory minimum's constitutionality. *See* ROA.184-190.[4]

## C.     Sentencing.

On January 8, 2025, the district court held a sentencing hearing, at which the court sustained one of Mr. Gutierrez's objections to the Guidelines and recalculated the Guidelines range as 97 to 121 months' imprisonment (based on a total offense level of 30 and a criminal history category of I). ROA.124, 138. Also, during the sentencing hearing, defense counsel re-urged Mr. Gutierrez's objections to restitution, which the district court overruled. ROA.125-127, 137, 151-152.

The district court imposed a sentence of 120 months' imprisonment, to be followed by a five-year term of supervised release. ROA.148. The court ordered payment of restitution "as outlined in detail [in] the Presentence Report": "Lily for $10,000. Pia for $7,500. Maureen for $10,000. Taylor for $3,000. Sloane for $10,000. And Eliza for $3,000." ROA.151-152. The court found that Mr. Gutierrez was indigent and lacked the ability to pay a fine or the assessments under the Justice for Victims of Trafficking Act of 2015 and the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, ROA.151-153, 492, but did impose the

---

[4] Mr. Gutierrez filed a reply that did not make additional arguments about restitution. *See* ROA.562-565.

$100 special assessment. ROA.153. The court did not say anything about a payment schedule.

On January 9, 2025, Mr. Gutierrez timely filed a notice of appeal. *See* ROA.63-64. On January 24, 2025, the district court entered its written judgment, ROA.81-86, which orders restitution in the amounts stated at sentencing, for a total of $43,500. ROA.85. The court's judgment orders that a lump sum payment of $43,600 (restitution plus the $100 special assessment) is "due immediately, balance due . . . in accordance with . . . [x] D . . . or [x] F below." ROA.86. Line D says: "Payment in equal monthly installments of $725.00 over a period of 60 months, to commence 30 days after release from imprisonment to a term of supervision." ROA.86 (underlining omitted). Line F instructs that payments be made to the U.S. District Court Clerk in McAllen. ROA.86.

On appeal, Mr. Gutierrez argues that (1) the Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings and (2) all six of the restitution awards entered by the district court under 18 U.S.C. § 2259 should be vacated as entered in violation of his Sixth Amendment right to a jury trial (foreclosed); or, alternatively, the two mandatory minimum awards of $3,000 should be vacated, in light of *Alleyne v. United States*, 570 U.S. 99 (2013) (not foreclosed).

## SUMMARY OF THE ARGUMENT

**ISSUE ONE**: The Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings. The record does not reflect that the district court considered the mandatory factors in 18 U.S.C. § 3664(f)(2). Moreover, the payment schedule appeared for the first time in the district court's written judgment and was imposed outside Mr. Gutierrez's presence and without notice and an opportunity to be heard.

**ISSUE TWO**: Mr. Gutierrez further argues that, in this case involving the receipt of child pornography, all six of the restitution awards entered by the district court under 18 U.S.C. § 2259 should be vacated because those awards were all greater than zero but were based solely on judge-found facts that Mr. Gutierrez did not admit, in violation of his Sixth Amendment right to a jury trial. He recognizes that this argument is foreclosed by *United States v. Read*, 710 F.3d 219 (5th Cir. 2012), and *United States v. Rosbottom*, 763 F.3d 408 (5th Cir. 2014), and therefore he raises the argument only to preserve it for possible further review.

Alternatively, in an argument that is not foreclosed, Mr. Gutierrez contends that the mandatory minimum awards of $3,000 in restitution for "Taylor" and "Eliza" should be vacated in light of *Alleyne v. United States*, 570 U.S. 99 (2013), because the application of a mandatory minimum award of restitution increases the

penalty for a crime, and does so based on specified "facts" about a victim's loss. Those facts must be submitted to a jury, if not admitted by the defendant.

This Court should vacate the district court's restitution order and remand with instructions to either strike the order entirely, or, alternatively, amend the order to remove the $3,000 awards of restitution to "Taylor" and "Eliza."

# ARGUMENT

**ISSUE ONE RESTATED**: The Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings.

## A.     Standard of review.

Constitutional challenges are reviewed *de novo*. *United States v. Pleitez*, 876 F.3d 150, 157 (5th Cir. 2017). A district court's order setting a payment schedule for restitution is reviewed for an abuse of discretion. *United States v. Schinnell*, 80 F.3d 1064, 1070 (5th Cir. 1996). Such an abuse of discretion occurs "if the defendant demonstrates that it is probable that the district court failed to consider one of the mandatory factors and the failure to consider that factor influenced the court." *Id.* (citing *United States v. Reese*, 998 F.2d 1275, 1282 (5th Cir. 1993)). When a defendant does not object below to a part of his sentence that appeared for the first time in the district court's written judgment, a defendant lacked an "opportunity to object," and so abuse-of-discretion review, rather than plain-error review, applies. *United States v. Baez-Adriano*, 74 F.4th 292, 297 (5th Cir. 2023).

## B.     The district court's order setting a payment schedule that appeared for the first time in its written judgment does not comport with 18 U.S.C. § 3664(f)(2) and violates due process, including Mr. Gutierrez's right to be present at sentencing.

The district court's written judgment sets a monthly payment schedule of $725 for 60 months, "to commence 30 days after release from imprisonment to a term of supervision." ROA.86. This payment schedule appeared for the first time in the

written judgment—it was not mentioned at sentencing and it was not recommended in the PSR or either PSR addendum. *See* ROA.121-153 (sentencing transcript), 480-498 (PSR), 211-215 (Addendum), 499 (Addendum II). The Court should vacate the order setting a payment schedule, and remand for further proceedings, because the order does not comport with 18 U.S.C. § 3664(f)(2) and violates due process, including Mr. Gutierrez's constitutional right to be present at sentencing.

First, the district court's judgment setting a payment schedule does not comply with 18 U.S.C. § 3664(f)(2). 18 U.S.C. § 2259(b)(3) provides that "[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A." Section (f)(2) of 18 U.S.C. § 3664, in turn, provides:

> (2)    Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of--
>
> (A)    the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled;
>
> (B)    projected earnings and other income of the defendant; and
>
> (C)    any financial obligations of the defendant; including obligations to dependents.

Section (f)(3) of 18 U.S.C. § 3664 further provides:

(A)     A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments.

(B)     A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

This Court has held that "district courts 'need not make specific findings [on each § 3664 factor] *if the record provides an adequate basis to support the restitution order.*'" *United States v. Tarnawa*, 26 F.4th 720, 725 (5th Cir. 2022) (emphasis added) (quoting *United States v. Blocker*, 104 F.3d 720, 737 (5th Cir. 1997)). But here, the record does not provide an adequate basis to support the restitution payment schedule. Consistent with § 3664(f)(3)(B) and PSR ¶ 86 (ROA.494), Mr. Gutierrez argued that "any restitution imposed should be nominal." ROA.175-176. The record reflects that Mr. Gutierrez had no assets, had been unemployed and supported by his parents from November 2023 to the date of sentencing, had earned $8.75 per hour from December 2021 to October 2023 when employed as a receptionist/tour guide at a museum, and had earned $8.15 per hour from 2017 to November 2021 when employed at a convenience store. ROA.490 (PSR ¶¶ 58-62). Even assuming *arguendo* Mr. Gutierrez could secure similar employment upon his release, $8.75/hour for 40 hours per week amounts to $1,400 per month. The $725 monthly

payment would consume 52% of his gross, pre-tax monthly earnings, and thus is unrealistic.

The court's payment schedule of $725 appears to be the result of dividing the total restitution order ($43,500) by the length of the term of supervised release (60 months), rather than any evaluation of the mandatory § 3664(f)(2) factors. Nor does the PSR contain any evaluation of the § 3664(f)(2) factors. In fact, in the context of assessing Mr. Gutierrez's ability to pay a fine, the PSR states that "[t]he defendant reported that he does not have any assets. When employed, his entire income was consumed by his family's basic living necessities. Therefore, it appears that the defendant does not have the ability to pay a fine." ROA.490 (PSR ¶ 62). And at sentencing, the district court recognized that Mr. Gutierrez lacked the ability to pay a fine due to his indigency. ROA.152. Because the record lacks any basis for supporting a restitution payment of $725 per month, the Court should vacate the district court's judgment setting that unrealistic payment schedule and remand for further proceedings. *See, e.g.*, *United States v. Calbat*, 266 F.3d 358, 366 (5th Cir. 2001) (vacating the sentence and remanding for resentencing after holding that the district court abused its discretion by setting an "unrealistic payment schedule" for restitution); *see also United States v. Reyes-Rodriguez*, 546 Fed. Appx. 396, 397 (5th Cir. 2013) (unpublished) (vacating the sentence in part and "remand[ing] for

reconsideration of the scheduling of the restitution payment" when the record did not reflect that the district court had considered the § 3664(f)(2) factors).

In addition to not comporting with § 3664(f)(2), the district court's judgment setting a payment schedule violates due process and Mr. Gutierrez's constitutional right to be present at sentencing. Due process requires notice and an opportunity to be heard. *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 348 (1976). Rooted in the right to due process, criminal defendants have a constitutional right to be present at sentencing. *See, e.g.*, *United States v. Diggles*, 957 F.3d 551, 556 (5th Cir. 2020) (en banc) ("The district court must orally pronounce a sentence to respect the defendant's right to be present for sentencing."); *id.* at 557-58 (explaining that the constitutional right to be present at sentencing "comes from the Fifth Amendment's Due Process Clause"); *cf. United States v. Pleitez*, 876 F.3d 150, 157-60 (5th Cir. 2017) (recognizing a defendant's Sixth Amendment right to the effective assistance of counsel and right to be present if a district court modifies a restitution order to make it "more onerous"); *United States v. Paz*, 265 Fed. Appx. 333, 334 (5th Cir. 2008) (unpublished) (holding that a district court unconstitutionally delegated the setting of a payment schedule to the probation officer). "It is clear that . . . [a] payment schedule set by the district court [is] part of [a defendant's] sentence." *United States v. Rosa*, No. 23-10328, 2024 WL 1597754, at *3 (5th Cir. Apr. 12, 2024) (unpublished).

17

In this case, the district court violated Mr. Gutierrez's constitutional rights by entering a written judgment setting a payment schedule for the first time, outside his presence and without providing him with notice and an opportunity to be heard. Accordingly, the Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings that comply with due process.

**ISSUE TWO RESTATED**: In this case involving the receipt of child pornography, all six of the restitution awards entered by the district court under 18 U.S.C. § 2259 should be vacated because those awards were all greater than zero but were based solely on judge-found facts not admitted by Mr. Gutierrez, in violation of his Sixth Amendment right to a jury trial; or, alternatively, the mandatory minimum awards of $3,000 for "Taylor" and "Eliza" should be vacated, in light of *Alleyne v. United States*, 570 U.S. 99 (2013).

## A.    Standard of review.

When preserved, this Court "review[s] the legality of a restitution order *de novo* and the amount of restitution for abuse of discretion." *United States v. Barnett*, No. 23-20174, 2024 WL 3548461, at *2 (5th Cir. July 26, 2024) (unpublished), *cert. denied*, 145 S. Ct. 603 (2024). In this appeal, Mr. Gutierrez is challenging the legality of restitution awards entered under 18 U.S.C. § 2259. He argues that all six restitution awards (or, alternatively, just the mandatory minimum awards of $3,000 for "Taylor" and "Eliza") were unlawful because they were based solely on judge-found facts that he did not admit. His objections below (ROA.125-127, 175-176, 181-182) were "sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). In addition, this Court "generally review[s] the legality of a restitution order *de novo* even if a defendant failed to preserve the issue, because restitution that exceeds the court's statutory authority is an illegal sentence, which always constitutes plain error." *United States v. Sepulveda*, 64 F.4th 700, 712 (5th Cir. 2023) (italics added).

19

**B.     All six restitution awards should be vacated because they were all greater than zero but were based solely on judge-found facts that Mr. Gutierrez did not admit, in violation of his Sixth Amendment right to a jury trial. (Foreclosed issue.)**

In this case, the restitution awarded by the district court for each victim was greater than zero but was based solely on judge-found facts that Mr. Gutierrez did not admit. ROA.85, 151-152. This was a violation of Mr. Gutierrez's Sixth Amendment right to a jury trial; and, therefore, all six of the restitution awards should be vacated.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that the Sixth Amendment requires that "any fact" other than the fact of a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. The Supreme Court has since applied *Apprendi*'s bright-line rule to a "variety of sentencing schemes that allowed judges to find facts that increased a defendant's maximum authorized sentence," including the imposition of criminal fines. *See Southern Union Co. v. United States*, 567 U.S. 343, 348-49 (2012). In so doing, the Supreme Court has made clear that the Sixth Amendment right to a jury trial does not "distinguish[] one form of punishment from another." *Id.* at 350. It necessarily follows that the Sixth Amendment requires a jury to find the facts necessary to justify a restitution order. Like a criminal fine, restitution is "calculated by reference to

particular facts," such as "the amount of the defendant's gain or the victim's loss." *Id.* at 349-50.

The statute at issue here, 18 U.S.C. § 2259, requires that "[i]f the defendant was convicted of trafficking in child pornography, the court shall order restitution under this section in an amount to be determined by the court as follows:"

> (A)   Determining the full amount of a victim's losses.--The court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim.
>
> (B)   Determining a restitution amount.--After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.
>
> (C)   Termination of payment.--A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. . . .

18 U.S.C. § 2259(b)(2). "For purposes of this subsection, the term 'full amount of the victim's losses' includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including--(A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation;

(C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) reasonable attorneys' fees, as well as other costs incurred; and (F) any other relevant losses incurred by the victim." 18 U.S.C. § 2259(c)(2). "[T]he term 'victim' means the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. § 2259(c)(4).[5]

Accordingly, the statute asks district judges to make determinations regarding: (1) the scope of the trafficking in child pornography depicting the victim, and the full amount of the losses that were incurred or are reasonably projected to be incurred by the victim as a result of it; (2) who may be considered a victim; (3) the defendant's relative role in the causal process that underlies the victim's losses; and (4) how to calculate such losses. That kind of judicial factfinding to increase the prescribed penalty is squarely prohibited by the Sixth Amendment.

Any other view is "difficult to reconcile with the Constitution's original meaning." *Hester v. United States*, 586 U.S. 1104, 1107 (2019) (Gorsuch, J., dissenting from denial of certiorari). The Sixth Amendment has been understood as preserving the "historical role of the jury at common law." *Southern Union*, 567 U.S. at 353 (citation omitted). At common law and in early American history, there was a strong "linkage" between the facts of the offense, which were found by a jury, and

---

[5] For purposes of § 2259, the phrase "trafficking in child pornography" includes receipt of child pornography in violation of § 2252A(a)(2)(A). *See* § 2259(c)(3).

the particular sentence, reflecting the "intimate connection between crime and punishment." *Alleyne v. United States*, 570 U.S. 99, 108-09 (2013). That connection allowed a defendant to "predict with certainty the judgment from the face of the felony indictment." *Id.* at 109, 111 (citation omitted). For example, as is relevant here, courts held at common law that, in prosecutions for larceny, the jury had to find the value of stolen property before ordering payment to the victim. *See, e.g.*, *Jones v. State*, 13 Ala. 153, 157 (Ala. 1848); *State v. Somerville*, 21 Me. 14, 17-19 (Me. 1842); *Commonwealth v. Smith*, 1 Mass. 245, 247 (Mass. 1804); *Schoonover v. State*, 17 Ohio St. 294, 298 (Ohio 1867); *Huntzinger v. Commonwealth*, 97 Pa. 336, 336 (Pa. 1881); *see also Alleyne*, 570 U.S. at 108-09; James Barta, *Guarding the Rights of the Accused and Accuser: The Jury's Role in Awarding Criminal Restitution Under the Sixth Amendment*, 51 Am. Crim. L. Rev. 463, 473-75 (2014). The Sixth Amendment requires no less. Allowing a court to order restitution on facts that were not found by a jury (or admitted by the defendant) infringes on the fundamental right to a jury trial as that right was originally understood.

This Court has recognized that restitution is a "criminal penalty and a component of the defendant's sentence." *United States v. Adams*, 363 F.3d 363, 365 (5th Cir. 2004). Nonetheless, this Court has determined that "*Apprendi* is inapposite because no statutory maximum applies to restitution." *United States v. Rosbottom*, 763 F.3d 408, 420 (5th Cir. 2014) (quoting *United States v. Read*, 710 F.3d 219, 231

(5th Cir. 2012)). And, accordingly, it has concluded that restitution orders can be supported by "judge-found facts." *United States v. Elliot*, 600 Fed. Appx. 225, 228 (5th Cir. 2015) (unpublished) (citing *Rosbottom*, 763 F.3d at 420; *Read*, 710 F.3d at 231). The Court's conclusions are misguided, for a number of reasons.

As an initial matter, it is doubtful that *Apprendi*'s "statutory maximum" formulation is the correct framework for thinking about criminal restitution, as opposed to terms of imprisonment or other types of penalties. In *Alleyne*, the Court applied the Sixth Amendment to a mandatory minimum sentence, even though *Apprendi* did not explicitly address minimums. *See* 570 U.S. at 103. Consistent with the original meaning of the Sixth Amendment, the Court reasoned that "[a]ny fact that, by law, increases the penalty for a crime . . . must be submitted to the jury and found beyond a reasonable doubt." *Id*. Restitution undoubtedly increases the penalty for a crime, and does so based on "facts" about a victim's losses. Those facts must be submitted to a jury, if not admitted by the defendant.

In any event, in *Blakely v. Washington*, 542 U.S. 296 (2004), the Supreme Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Id.* at 303. Thus, to the extent *Apprendi*'s "statutory maximum" language even applies here, "the statutory maximum for restitution is usually *zero*, because a court can't award *any* restitution

without finding additional facts about the victim's loss." *Hester*, 586 U.S. at 1107 (Gorsuch, J., dissenting from denial of certiorari). Put another way, "[r]estitution in any amount greater than zero clearly increases the punishment that could otherwise be imposed." *United States v. Leahy*, 438 F.3d 328, 344 (3d Cir. 2006) (en banc) (McKee, J., concurring in part and dissenting in part).

Any post-*Blakely* uncertainty should have been put to rest by *Southern Union*, in which the Supreme Court applied *Apprendi*'s rule to an indeterminate fine under the Resource Conservation and Recovery Act ("RCRA"). The RCRA requires a judge to impose a fine of not more than $50,000 for each day that the defendant polluted; the amount of the fine could therefore vary indeterminately based on the number of days of a violation. *See Southern Union*, 567 U.S. at 347. Just as a fine under the RCRA is pegged to "the determination of specified facts," that is, the number of days of violations, *see id.* at 354, so too is a penalty of restitution under 18 U.S.C. § 2259, as it is pegged to the determination of specified facts about a victim's losses. Indeed, as the government has recognized, it is "hard to justify" treating restitution differently from the fines at issue in *Southern Union*. *See* Oral Arg. Tr. at 31-32, *Southern Union*, *supra* (No. 11-94) (counsel for the government).

This Court has "recognize[d] that there is some tension between statements of the Supreme Court in *Southern Union* . . . and [this] [C]ourt's conclusion [in *Rosbottom* and *Read*] that the Sixth Amendment does not require a jury to find the

25

amount of restitution." *Elliot*, 600 Fed. Appx. at 227. Still, because *Rosbottom* was decided after *Alleyne*, this Court has concluded that it is "bound by [its] rule of orderliness to reject [the] contention that restitution orders cannot be supported by judge-found facts." *Id.* at 228. Mr. Gutierrez thus acknowledges, as he must, that his argument in this part (Part B) is foreclosed by this Court's precedent. He raises the argument only to preserve it for possible further review.

## C. Alternatively, the mandatory minimum awards of $3,000 for "Taylor" and "Eliza" should be vacated, in light of *Alleyne*.

Mr. Gutierrez alternatively contends that the mandatory minimum awards of $3,000 in restitution for "Taylor" and "Eliza" (ROA.85, 151-152) should be vacated, in light of *Alleyne*.

Before awarding $3,000 in restitution—the statutory minimum—to "Taylor" and "Eliza," the judge necessarily found that "Taylor" and "Eliza" were each a "victim" and also determined the "full amount of [their] losses that were incurred or are reasonably projected to be incurred by [them] as a result of the trafficking in child pornography depicting [them]." 18 U.S.C. § 2259(b)(2)(A), (c)(2), & (c)(4); *see* ROA.85, 151-152. Those "facts" were not found by a jury or admitted by Mr. Gutierrez. The mandatory minimum award thus violated Mr. Gutierrez's Sixth Amendment right to a jury trial, because "[a]ny fact that, by law, increases the penalty for a crime . . . must be submitted to the jury and found beyond a reasonable

doubt." *Alleyne*, 570 U.S. at 103; *supra* text, at 24; *see also United States v. Aguirre-Rivera*, 8 F.4th 405, 411 (5th Cir. 2021) ("The Supreme Court has held that factual determinations that increase maximum or minimum sentences, other than a prior conviction, must be found by a jury beyond a reasonable doubt.") (internal quotation marks and citation omitted). And the government cannot show that this error was harmless, as there is no evidence that the district court would have ordered Mr. Gutierrez to pay $3,000 in restitution, rather than a lesser amount, had it not been mandated by 18 U.S.C. § 2259(b)(2)(B). *Cf. Aguirre-Rivera*, 8 F.4th at 412-13 (finding, in a drug-conspiracy case, that the government had failed to show that the error in imposing a mandatory minimum sentence of five years' imprisonment based on "facts not found by the jury" in violation of the defendant's right to jury trial, under *Alleyne*, was harmless beyond a reasonable doubt).

This argument, unlike the argument in Part B, is not foreclosed. *See United States v. Caudillo*, 110 F.4th 808, 811-12 (5th Cir. 2024) ("agree[ing] with Luna Caudillo that [the Court's] case law does not foreclose his argument" that *Alleyne* applies to a statutory mandatory minimum restitution award, but leaving the question "to be answered another day"). This Court has not yet had the occasion to address whether *Alleyne* applies when, as here, the statute has a prescribed minimum for restitution, *see* § 2259(b)(2)(B), and the district court awards restitution in that amount. Prior cases holding that "*Apprendi* is inapposite [in the restitution context]

27

because no statutory maximum applies to restitution," *Rosbottom*, 763 F.3d at 420 (quoting *Read*, 710 F.3d at 231), involved orders under 18 U.S.C. § 3663A, which has no statutory minimum. Those cases did not address whether factual determinations that increase *minimum* sentences, *e.g.*, the minimum amount of restitution, must be found by a jury beyond a reasonable doubt. And, as noted above, *Apprendi* did not explicitly address minimums. *See supra* text, at 24.

This Court should hold that *Alleyne* applies in this context. As discussed above, the application of a mandatory minimum award of restitution clearly "increases the penalty for a crime," and does so based on specified "facts" about a victim's loss. *See supra* text, at 24; *Alleyne*, 570 U.S. at 113 ("[I]t is impossible to dispute that facts increasing the legally prescribed floor aggravate the punishment."). Those facts must be submitted to a jury, if not admitted by the defendant.

For these reasons, this Court should vacate the district court's restitution order and remand with instructions to amend the order to remove the $3,000 awards of restitution to "Taylor" and "Eliza."

## CONCLUSION

For reasons stated in Issue One, the Court should vacate the district court's judgment setting a payment schedule and remand for further proceedings. For the reasons stated in Issue Two, this Court should vacate the district court's restitution order and remand with instructions to either strike the order entirely or, alternatively, amend the order to remove the $3,000 awards of restitution for "Taylor" and "Eliza."

Respectfully submitted,

PHILIP G. GALLAGHER
Federal Public Defender
Southern District of Texas

s/ Kathryn Shephard
KATHRYN SHEPHARD
Assistant Federal Public Defender
Attorneys for Appellant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
Telephone: (713) 718-4600

## CERTIFICATE OF SERVICE

All parties required to be served with copies of this document have been so

served by filing via the Fifth Circuit ECF filing system.

s/ Kathryn Shephard
KATHRYN SHEPHARD

## CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 6,400 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Office 365 (current version) software in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

3.    This brief complies with the privacy redaction requirement of 5th Cir. R. 25.2.13 because the brief has been redacted of any personal data identifiers.

4.    This brief complies with the electronic submission of 5th Cir. R. 25.2.1 because this brief is an exact copy of the paper document.

5.    This brief is free of viruses because the brief has been scanned for viruses with the most recent version of a commercial virus scanning program.

s/ Kathryn Shephard
KATHRYN SHEPHARD